[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR PERMISSION TO RELOCATE
In this matter the plaintiff mother is requesting that this court grant her permission to relocate with her two minor children to Atlanta, Georgia.
Helpful background information in this matter is as follows:
The marriage of the parties was dissolved on April 14, 1997. On that date the parties stipulated and the court ordered that the parties share joint legal custody of their two minor children i.e. daughter Shayne, now two years old and son Elexys, now seven. Primary physical custody of their two children was awarded to plaintiff with defendant having reasonable rights of visitation.
Subsequent to the divorce the status of each of the parties has CT Page 15941-le changed. Plaintiff on August 8, 1998 married Chris Foster, the father of a daughter, now sixteen years old, from a previous relationship. Plaintiff and Chris are the parents of a daughter who was born August 9, 1997. In turn defendant presently resides with one Valerie, the mother of a fourteen year old daughter by a previous relationship. Defendant and Valerie have a six month old child and their extended family reside in a five bedroom home not far from that of plaintiff.
Chris Foster, plaintiff's husband, has been located since June 2001 near Marietta, Georgia where his aunt and uncle operate a building management concern. The family have sold their home in Hartford and have purchased a six bedroom dwelling near the husband's place of employment. Their decision to move reflected their belief that the area offered greater opportunities for them and the school system greater prospects for their children.
Defendant for his part opposes plaintiff's plans to remove their children to Georgia, claiming for a variety of reasons that it is in the children's best interest that they remain in Connecticut.
CONTROLLING LAW
The law on this narrow issue is succinctly set forth in the case ofIreland v. Ireland, 246 Conn. 413 (1998) where on p. 428 the court stated:
 "A custodial parent seeking permission to relocate bears the initial burden of demonstrating, by a preponderance of the evidence, that (1) the relocation is for a legitimate purpose, and (2) the proposed location is reasonable in light of that purpose. Once the custodial parent has made such a prima facie showing, the burden shifts to the non custodial parent to prove, by a preponderance of the evidence, that the relocation would not be in the best interests of the child."
 THE EVIDENCE
A. A Summation of Party Related Evidence
The parties testified at length in support of their Opposing views. Various family members of each contributed evidence to uphold their position. All witnesses were felt to be candid and sincere. CT Page 15941-lf
B. The Testimony of Witnesses Associated with the Court
1. The Family Relations Officer
Karen F. Henderson, a family relations officer, testified that she had conducted interviews with both parties, the children's pediatrician, had made home visits and had met with all parties the previous week. She stated that both children expressed the desire to remain with their father if their mother moved to Georgia. They wanted to remain near their friends, teachers, schools and relatives. She further added that the children are in a stable environment in Connecticut and have a strong bond with their father. She also declared that the children were both confident and clear in their feelings, that they understood the questions quite well, and that their reasons were felt to be valid. The family relations officer concluded her testimony in recommending inter alia that the children remain in Connecticut until the end of the school year next June after which time her office would reevaluate the issue.
2. The Guardian Ad Litem
Ira Jacobs, an attorney appointed by the court as guardian ad litem for the minor children in June, 2001, testified that he had met with both parties and the children at his office as well as in their homes. Further, he had met with the children at his office four or five times, both together and separately. lie described the children as being "magnificent, polite, well spoken, a lot of fun, eager to speak to me, bright, intelligent, for the most part age appropriate." He further testified that the children told him that they would like to remain in Connecticut because they would be near family and friends, they would not have to leave school, they did not want to leave their father. They also said they did not want their mother to move away. Attorney Jacobs added that neither party had provided him with the names of people to contact, and that he had received no response from school authorities to whom he had communicated. He mentioned that "both parents have integrity and have the best interest of the children at heart."
Attorney Jacobs expressed the following concerns if plaintiff moved to Cob County, Georgia with the children:
a. The effect on them academically;
b. Communication between the parties; CT Page 15941-lg
c. The lifestyle of the children might be disrupted.
Attorney Jacobs testified that he had been in attendance during the entire trial and that he wanted to hear all the evidence before rendering his decision. He concluded by declaring that he was in agreement with the f ammily relations officer that the children should remain in Connecticut. His reasons were that: (a) "the children were doing well academically here; (b) their extended family is here; (c) they have close ties with their family; (d) I'm concerned what might happen if they are removed; (e) they will have infrequent visits with their father if they move." He also stated that the children told him they did not want their mother to leave and that they would be sad if she left. His thought was that if plaintiff moved as contemplated, therapy on a weekly basis would be in order for the children.
CONCLUSION
Having heard all the evidence in this heartrending matter, well tried by both parties, this court denies plaintiff's request to remove the two minor children of the parties to Georgia at this time and adopts the following recommendations of the family relations officer as orders of this court, i.e.
1. The parents should share joint legal custody of the children. Shayne and Elexys Foster should remain in Connecticut with their father through the end of this school year.
2. The Family Services Unit should review the issue of the children's primary residence beyond the 2001/02 school year, in May 2002.
3. Father should provide Shayne and Elexys with separate bedrooms.
4. During this school year the children should spend 5 days during the Christmas break with their mother. This time should begin after Christmas day. The children should also spend April (Spring 2002) vacation with mother.
5. If mother is visiting Connecticut at other times she should be able to visit the children. Mother should provide father with advanced notice of those visits.
6. During the summer of 2002 the children should spend the month of July with their mother unless the update is completed before then and CT Page 15941-lh other recommendations are made.
7. Neither parent should speak negatively about the other parent to the children.
8. Children should participate in counseling with a licensed therapist, to help them adjust to the changes in their lives. This therapist should remain involved through the reevaluation period and provide input to Family Services Counselor.
 John D. Brennan Judge Trial Referee